46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Evalyn PREBLICH, Debtor
Evalyn PREBLICH, Appellant,
v.
Kenneth W. BATTLEY, Trustee, Appellee.
 No. 93-35855.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evalyn Preblich appeals pro se the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy judge's denial of her motion to reopen an adversary proceeding, initiated by the trustee of her estate, against her husband and son stemming from Preblich's conveyance of real property to them shortly before she filed for bankruptcy. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * Background
 
 
 4
 Preblich transferred her rights to the real property at issue to her husband and son several months before filing for bankruptcy. The trustee for her estate brought an adversary action against the husband and son seeking to void the transfer pursuant to 11 U.S.C. Sec. 548,[1] as a fraudulent conveyance. The husband and son were served with the summons and complaint and a courtesy copy was sent to Preblich's attorney. The bankruptcy court granted the trustee's unopposed motion for summary judgment and transferred the property to the estate. No appeal was filed. Several years later, Preblich filed a motion to reopen the adversary proceeding. The bankruptcy court denied the motion.
 
 
 5
 The BAP construed Preblich's motion as a Fed. R. Civ. P. 60(b) motion and affirmed the bankruptcy court's decision finding that Preblich lacked standing. Preblich timely appeals.
 
 II
 Analysis
 A. Standard of Review
 
 6
 Because we are in as good a position as the BAP to review the findings of the bankruptcy court, this court reviews independently the bankruptcy court's decision. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir. 1986). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1456 (9th Cir. 1992) (per curiam).
 
 
 7
 B. Standing of Debtor in Adversary Proceeding
 
 
 8
 Under section 323 of the Bankruptcy Code, the trustee is the representative of the debtor's estate and has the capacity to sue and be sued. In re Eisen, 31 F.2d 1447, 1451 n.2 (9th Cir. 1994). Once a trustee is appointed, "the debtor's assets and claims pass to the trustee, making the trustee the proper party in interest, and the only party with standing to appeal the Bankruptcy court's order." Id.
 
 
 9
 Here, the trustee was the only party with standing to represent the interests of the estate. See id. Accordingly, to the extent Preblich's motion was brought on behalf of her estate, she lacks standing. Moreover, because Preblich transferred her interest in the real property to her husband and her son, she has no interest in the property and no standing to maintain a 60(b) motion seeking to reopen the adversary proceedings. Finally, as non-attorney, she cannot represent her husband's or her son's interest in the property. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 548(a)(2) of the Bankruptcy Code, gives the trustee the power to void fraudulent transfers of a debtor's interest in property. See 11 U.S.C. Sec. 548(a)(2); In re BFP, 974 F.2d 1144, 1146 (9th Cir. 1992)