# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-40130
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2013

Lyle W. Cayce
Clerk

In the Matter of:    CLOVIS PRINCE,

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLOVIS PRINCE,

Appellant,

v.

MICHELLE H. CHOW, CHAPTER 7 TRUSTEE,

Appellee.

————

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 4-12-CV-645

————

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40130

This appeal arises out of an adversary proceeding in which Michelle Chow ("Chow"), Trustee of the bankruptcy estates for Clovis L. Prince ("Prince"), Crown Project Management, Inc. ("Crown"), and C. Prince & Associates Consulting, Inc. ("Prince Consulting") (collectively, "Debtors"), sued Prince and Katherine M. Robinson as Trustees of the Clovis L. Prince, Katherine M. Robinson and Tamika D. Prince Trust (the "Trust"); Katherine M. Robinson ("Robinson") individually; and P&A Real Estate, Inc. ("P&A"). Chow sued in order to, *inter alia,* avoid several transfers of real property to the Trust as fraudulent. The bankruptcy court entered a final judgment ordering that transfers of certain properties be avoided, and the district court dismissed Prince's subsequent appeal of the bankruptcy court's order for lack of standing. Prince appealed the district court's ruling. For the reasons herein, we AFFIRM.

## I.

The Debtors filed petitions for relief under Chapter 7 of the Bankruptcy Code in November 2009.[1] As Trustee of the debtors' estates, Chow filed a complaint in bankruptcy court alleging that in the four years before filing for bankruptcy, the Debtors transferred several properties to the Trust or P&A. She alleged, *inter alia*, that the Trust and P&A provided no consideration for the transfers and that the transfers were made to hinder, delay, and defraud creditors. She sued Prince[2] and Robinson as trustees of the Trust in bankruptcy court, seeking to avoid the transfers.

On September 18, 2012, the bankruptcy court entered final judgment, ordering that the transfers of certain properties to the Trust be avoided as fraudulent. On October 10, 2012, Prince appealed the entry of final judgment

---

[1] Prince wholly owns Crown and Prince Consulting. The Debtors filed separate petitions, but the bankruptcy court later decided to administer the cases jointly.

[2] Prince was the trustee of the Trust until April 16, 2010.

to the district court.    Chow filed a motion to dismiss Prince's appeal, maintaining that Prince lacked standing to appeal because the bankruptcy court did not enforce any rights or award any remedies against him as an individual and, thus, he was not directly adversely affected by the bankruptcy. The district court agreed.  Prince timely appealed, pro se.

On appeal, Prince argues that under the applicable "person aggrieved" test, he has standing to challenge the bankruptcy court's order.  *See In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004).  In short, he contends that his status as a debtor confers this standing.  Thus, Prince is appealing as an individual, not as Trustee of the Trust.[3]

## II.

We review a district court's dismissal for lack of standing de novo. *Joffroin v. Tufaro*, 606 F.3d 235, 238 (5th Cir. 2010).

Courts use the "person aggrieved" test to determine whether a party has standing in bankruptcy court.  *In re Coho Energy Inc.*, 395 F.3d at 202; *see Schum v. Zwirn Special Opportunities Fund LP (In re The Watch Ltd.)*, 257 F. App'x 748, 749 (5th Cir. 2007) (per curiam) (unpublished); *Diaz v. Stone*, No. 5-10-74, 2011 WL 1882790, at *2 (S.D. Tex. May 17, 2011).  This "is an even more exacting standard than traditional constitutional standing."  *In re Coho Energy Inc.*, 395 F.3d at 202.  It requires that the party "show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court."  *Id.* at 203 (internal quotation marks omitted).  "[T]he putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal."  *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994).

---

[3] In his opening brief, he states that "Prince was representing himself, an [sic] advising the courts as the debtor. . . ."

No. 13-40130

Here, we agree with the district court that Prince, as an individual, has no standing to appeal. As the district court explained, Chow did not file suit against Prince in his individual capacity and the bankruptcy court's judgment did not "directly and adversely" affect him.

## III.

Accordingly, we AFFIRM the district court's dismissal for lack of standing.