**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MANAGEMENT NOMINEES, INC.,

     Plaintiff Counter Defendant -
     Appellee,

v.

ALDERNEY INVESTMENTS, LLC,

     Defendant Counterclaimant -
     Appellant.
  ---------------
EDYTA SKOWRONSKA, individually
and on behalf of her minor children R.S.
and D.S.,

     Intervenor Defendant - Appellant.

No. 15-8011

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 2:13-CV-00140-ABJ)**
_____

Submitted on the briefs:[*]

Gregory B. Kanan and Hermine Kallman, Lewis Roca Rothgerber, LLP, Denver,
Colorado, for Appellants Alderney Investments, LLC and Edyta Skowronska.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Gregory F. Hauser, Wuersch & Gering LLP, New York, New York; Larry B. Jones, Burg Simpson Eldredge Hersh & Jardine, P.C., Cody, Wyoming, for Appellee Management Nominees, Inc.

_____

Before **GORSUCH**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

**McHUGH**, Circuit Judge.

_____

## I.    INTRODUCTION

This case raises a dispute regarding the citizenship of a Wyoming LLC and whether, in light of our recent decision in *Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233 (10th Cir. 2015), the district court lacked subject-matter jurisdiction over the case. We conclude that Alderney Investments, LLC (Alderney) is an unincorporated association for purposes of federal diversity jurisdiction, with its citizenship therefore determined by that of its members. Because Alderney's members are foreign corporations, there is not complete diversity between Alderney and Management Nominees, Inc. (MNI), a foreign corporation. As a result, the district court lacked subject-matter jurisdiction over the action under 28 U.S.C. § 1332(a). Accordingly, we must vacate the district court's grant of summary judgment and remand with instructions to dismiss the action.

## II. BACKGROUND

### A. *Factual History*

This case involves competing claims to the ownership of Alderney Investments, LLC by relatives of Rudolf Skowronska (Rudolf), a Polish national.[1] Alderney was formed in 1999 by filing Articles of Organization with the Wyoming Secretary of State. That initial filing identified two Panamanian corporations as Alderney's only two members: Nominees Associated Inc. and Management Nominees Inc.[2]

In the years that followed, the beneficial ownership of Alderney went through a series of transformations. Rudolf initially held beneficial ownership of Alderney through a series of intermediary entities, including both of Alderney's initial members, Management Nominees Inc. and Nominees Associated Inc., as well as UEB Services, LTD and Morgan & Morgan Corporation Services S.A. In August 1999, Rudolf, although not individually a member of Alderney, purported to transfer ownership of Alderney to his half-sister, Dagmara Skowronska. Alderney's managers subsequently voted to give Dagmara "power of attorney" over Alderney's affairs.

The parties' versions of events after this point diverge. The Appellee, MNI, is a Belizean corporation also named Management Nominees Inc., which contends that in 2003 Dagmara transferred her interest in Alderney to Rico Sieber, her husband and MNI's sole shareholder. The Appellants, Alderney and Edyta Skowronska, Rudolf's

---

[1] We use first names throughout this opinion because several of the family members involved in the case share the same last name.

[2] The Panamanian corporation named Management Nominees Inc. is a distinct entity from MNI, the plaintiff and appellee in this case.

3

wife, contend that Dagmara transferred 90% of her interest to Edyta and her two children after Rudolf's disappearance in 2005. Further complicating matters, in 2012, Alderney's members, Management Nominees Inc. and Nominees Associated Inc., transferred their membership interest in Alderney to MNI, making MNI the sole member of Alderney.

The dispute over ownership of Alderney came to a head in 2013, when Edyta sought to dissolve Alderney. Edyta, on behalf of Alderney, filed articles of dissolution with the Wyoming Secretary of State. The Secretary issued a certificate of dissolution for Alderney in March 2013, and this lawsuit followed.

## B. *Procedural History*

MNI filed suit in federal district court against Alderney in July 2013, principally seeking either damages or declaratory and injunctive relief recognizing MNI as the sole member of Alderney and ordering Alderney to be reinstated with the Wyoming Secretary of State. MNI moved for summary judgment, arguing the undisputed facts showed it was the sole member of Alderney and that Edyta therefore lacked the authority to file for Alderney's dissolution. The district court agreed, granted summary judgment to MNI, and entered a final judgment in its favor.

Edyta then moved to intervene for purposes of appeal, which the district court granted. She and Alderney timely appealed the district court's summary judgment order and final judgment. On appeal, Edyta and Alderney raise for the first time a challenge to the district court's subject-matter jurisdiction.

4

## III.    ANALYSIS

Despite the complicated factual history, the parties agree on the critical point: MNI is a foreign corporation, and all of Alderney's members (past and present) are also foreign entities. Nevertheless, MNI asserts federal jurisdiction, claiming we may look to Alderney's state of organization—Wyoming—for its citizenship. In assessing federal jurisdiction, then, this court must consider whether Alderney should be treated as an unincorporated association for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), such that it takes on the citizenship of its members, or like a corporation with citizenship determined by its place of incorporation and principal place of business.[3] We conclude that our decision in *Siloam Springs Hotel, L.L.C. v. Century Surety Co.* is dispositive and that complete diversity is absent here because all members of Alderney are foreign entities. 781 F.3d 1233 (10th Cir. 2015). As a result, the district court lacked jurisdiction to grant summary judgment, and that decision must be vacated and the action dismissed.

Relying on guidance from the Supreme Court, we recently clarified that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Id*. at 1237–38 (citing *Carden v. Arkoma Assocs*., 494 U.S. 185, 195–96 (1990) (holding that the citizenship of a limited

---

[3] MNI argues that Alderney's principal place of business is Wyoming. This is doubtful. In support, MNI cites only to the Articles of Organization, which show Alderney's state of organization but say nothing of where Alderney conducts business. From the record it appears MNI was managed and directed primarily out of Panama, rather than Wyoming. But because we conclude the citizenship of Alderney is determined by the citizenship of its members, we need not resolve this issue.

partnership is determined by the citizenship of each of its partners, both general and limited); *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1180–81 (10th Cir. 2015), *cert. granted*, 136 S. Ct. 27 (2015)). This court also explained that an entity's citizenship for purposes of diversity depends not on the entity's unique features or whether state law makes the entity more like a corporation than an unincorporated association. *Id*. Rather, only those entities that are "corporations, in the *traditional understanding* of that word, will be treated as a person for purposes of diversity jurisdiction." *Id*. at 1237 (emphasis added) (citing *Carden*, 494 U.S. at 197).

In arguing that jurisdiction in this case was proper under § 1332(a), Appellee attempts to distinguish the Wyoming LLC at issue here—Alderney—from the Oklahoma LLC we concluded was an unincorporated association in *Siloam Springs*. In particular, Appellee claims Alderney has the "powers and nature of a corporation" by virtue of Wyoming state law, which it argues grants some corporate-like features to LLCs organized in the state. Appellee misreads *Siloam Springs* and misinterprets Wyoming Law.

In *Siloam Springs*, the party asserting federal jurisdiction made the same argument Appellee makes here—that under the unique features of state law an LLC was "equivalent to a corporation." *Id*. at 1237. In rejecting this approach, we relied on the Supreme Court's *Carden* decision:

> The 50 States have created, and will continue to create, a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control. Which of them is entitled to be considered a "citizen" for diversity purposes, and which of their members' citizenship is to be

6

> consulted, are questions more readily resolved by legislative prescription than by legal reasoning, and questions whose complexity is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction.

*Id.* (quoting *Carden*, 494 U.S. at 197).

As in *Siloam Springs*, we decline here to evaluate whether the unique features of Wyoming LLCs render them sufficiently corporate-like to be treated as "persons" for purposes of diversity.[4] Instead, we continue to follow the approach announced by the Supreme Court in *Carden*, and we determine citizenship based on that of the entity's members unless the entity has been formed as a traditional corporation under the relevant state law. Alderney is an LLC, formed under the Wyoming Limited Liability Company Act, and is therefore an "unincorporated association" for purposes of diversity jurisdiction. *Siloam Springs*, 781 F.3d at 1237–38.

Because Alderney is an unincorporated association, its citizenship must be determined by "includ[ing] all the entities' members." *Id*. Here, the parties do not dispute

---

[4] Even if we were willing to undertake the state-by-state analysis MNI suggests, we would not conclude that Wyoming LLCs are equivalent to corporations under Wyoming law. Limited liability companies and corporations are created by different sections of the Wyoming Code and have distinct statutory features with respect to formation, liability, and dissolution. *Compare* WYO. STAT. ANN. §§ 17-29-101 to 1105 (Wyoming Limited Liability Company Act), *with* WYO. STAT. ANN. §§ 17-16-101 to 1810 (Wyoming Business Corporation Act). Nor are we convinced that Wyoming LLCs are more akin to corporations than LLCs from other states. Although Wyoming law defines a "foreign limited liability company" as an "unincorporated entity," WYO. STAT. ANN. § 17-29-102(a)(vi), nowhere does it suggest that Wyoming (or domestic) LLCs are, in contrast, incorporated entities. To the contrary, the same definitional section of the Wyoming Code expressly acknowledges the similarities of foreign and domestic LLCs, defining foreign LLCs to include entities that "possess characteristics sufficiently similar to those of a limited liability company *organized under this chapter*." *Id*. (emphasis added).

"that the member(s) of Alderney Investments, LLC have always been foreign entities or individuals." And although Appellee argues we should measure the citizenship of an entity by the jurisdiction in which it is organized, *in addition to* that of its members, that argument is both legally unsupported and contrary to the Supreme Court's decision in *Carden*. 494 U.S. at 195–96 ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'") (citations omitted).

Because there are only foreign entities on both sides of this dispute, the district court lacked subject-matter jurisdiction under § 1332(a) to entertain the action, and it must be dismissed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A]liens were on both sides of the case, and the requisite diversity was therefore absent."); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) ("[T]he circuits that have considered the issue read § 1332(a)(2) to require United States citizens on both sides of an action between foreign citizens.").

## IV.    CONCLUSION

Having concluded complete diversity between the parties is lacking here, we vacate the judgment and remand the case to the district court with instructions to dismiss the action for lack of subject-matter jurisdiction.