FILED
United States Court of Appeals
Tenth Circuit

February 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAKAN AGRO DMCC,

      Plaintiff - Appellee,

v.

UNOVA HOLDINGS, LLC,

      Defendant - Appellant.

No. 15-8018
(D.C. No. 2:13-CV-00021-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

## I.    INTRODUCTION

This case arises from a default judgment entered by the district court against

Defendant-Appellant Unova Holdings, LLC (Unova) and in favor of Plaintiff-Appellee

Hakan Agro DMCC (Hakan). On appeal, this court identified a potential jurisdictional

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defect in light of our recent decision in *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015). We therefore requested supplemental briefing to determine Unova's citizenship for purposes of federal diversity jurisdiction and whether, in light of Unova's citizenship, complete diversity exists between the parties.

After reviewing the parties' supplemental briefing, we conclude that Unova is an unincorporated entity with its citizenship determined by that of its members. And because Unova's sole member is a foreign citizen, complete diversity is lacking between Unova and Hakan, a foreign corporation. As a result, the district court lacked subject-matter jurisdiction under 28 U.S.C. § 1332(a). We therefore vacate the district court's default judgment and remand with instructions to dismiss the action.

## II.   BACKGROUND

Hakan is a foreign corporation incorporated in the United Arab Emirates, and Unova is a Wyoming limited liability company. In 2008, Hakan and Unova entered into a purchase contract in which Unova agreed to pay Hakan $2.1 million for a large shipment of chicken leg quarters. After receiving the chicken, Unova failed to pay the agreed-upon price. Accordingly, Hakan sued Unova for breach of contract.

Because Unova is a limited liability company organized under Wyoming law, Hakan filed its complaint in the United States District Court for the District of Wyoming and served a copy on Unova's registered agent in Wyoming. After Unova failed to answer in a timely fashion, the clerk of court entered default against Unova. Unova filed a motion to set aside the default, which the district court denied. The district court also denied Unova's subsequent motion to reconsider. The district court then granted Hakan's

2

motion for default judgment and entered a judgment against Unova in the amount of $1,368,992 ($2.1 million minus $731,008 already paid), plus pre- and post-judgment interest. Unova appealed.

In undertaking our independent obligation to assess our subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), this panel concluded that the record was inadequate to determine Unova's citizenship for purposes of diversity jurisdiction. The complaint discloses only that Hakan is a foreign corporation incorporated in the United Arab Emirates with its principal place of business in Dubai, and that Unova is a Wyoming limited liability company. In its opening brief on appeal, Unova added that, although it is a Wyoming LLC, it is based in Istanbul, Turkey. But nothing in the record addressed the citizenship of Unova's members, which is the relevant inquiry under *Siloam Springs*. Accordingly, we requested supplemental briefing from the parties.

Together with its supplemental brief, Unova submitted an affidavit from its sole member, Haci Mehmet Koluk.[1] Mr. Koluk states that although he created Unova "because Wyoming has laws favorable to the formation of limited liability companies,"

---

[1] "While federal appellate courts do not often supplement the record on appeal with evidence not reviewed by the court below, it is clear that the authority to do so exists." *Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir. 1982); *see also id.* at 1367 n.5 (explaining that some courts cite Rule 10(e) of the Federal Rules of Appellate Procedure as authority for the appellate courts' consideration of new jurisdictional evidence on appeal, while other circuits rely on the "inherent equitable powers to supplement the record as justice requires"). Moreover, Hakan stipulated the affidavit could be submitted to this court, and although it did not stipulate to the affidavit's contents it did not otherwise challenge those averments.

3

Unova has never conducted business in Wyoming or executed contracts in Wyoming. Since February 14, 2006, Unova has been registered with the Trade Registry of Turkmenistan and has had "an official presence" in Turkmenistan. From 2006 to 2015, Unova's business "was mainly composed of tenders opened by the relevant ministries of Turkmenistan and eventually awarded to Unova." Mr. Koluk has never lived in the United States and has never been to Wyoming. Rather, he has lived and worked in Turkmenistan since January 1997.

### III.  ANALYSIS

There is no dispute that Hakan is a foreign corporation. For purposes of diversity jurisdiction, the only question is Unova's citizenship. For the same reasons provided in our recent decision in *Management Nominees, Inc. v. Alderney Investments, LLC*, No. 15-8011 (10th Cir. Feb. 19, 2016), we conclude *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), is dispositive in determining Unova's citizenship. And under *Siloam Springs*, Unova takes the citizenship of its sole member, Mr. Koluk, who is a foreign citizen. With only foreign parties on both sides of this case, complete diversity is absent. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A]liens were on both sides of the case, and the requisite diversity was therefore absent."); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) ("[T]he circuits that have considered the issue read § 1332(a)(2) to require United States citizens on both sides of an action between foreign citizens.").

Hakan, however, contends that *Siloam Springs* should not apply for two reasons: (1) *Siloam Springs* had not been decided when Hakan filed its complaint; and (2)

4

Wyoming LLCs function much the same as Wyoming corporations, and, as such, Unova's citizenship as an LLC should be determined in the same manner that it would be for a corporation. We rejected the latter argument in *Management Nominees* and do so again here for the same reasons. *See* No. 15-8011 at 6–8.

In making its former argument, Hakan maintains that relying on *Siloam Springs* in this case would be an inappropriate, retroactive application of new law. Because Hakan filed its complaint in 2013 but *Siloam Springs* was not decided until 2015, Hakan asserts that "jurisdiction was proper at the time of filing the complaint, as the test for determining citizenship of [an LLC] remained unsettled." Hakan thus suggests the court may only apply the law as it existed at the time of filing and may not rely on subsequently decided cases, like *Siloam Springs*. We disagree.

Although "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint," *Siloam Springs*, 781 F.3d at 1239, this rule merely requires the court to look at the *facts* as they existed when the complaint was filed. *See Grupo Dataflux*, 541 U.S. at 571 (the time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of *facts* that existed at the time of filing" (emphasis added)). The requirement to look at the facts at the time of filing does not preclude the court from applying recent case law to those facts as they existed when the complaint was filed. Indeed, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Hakan does not allege Mr. Koluk was a U.S. citizen but moved to Turkmenistan only after the complaint was filed. According to Mr. Koluk, he has lived in Turkmenistan since 1997 and has never lived in the United States. Hakan does not dispute these statements. Thus, this is not a case where the facts at the time of filing established complete diversity but have since changed in a way that would defeat jurisdiction.

Moreover, this is not a case where the relevant law has changed since the complaint was filed. Hakan cites *Pfeiffer v. Hartford Fire Insurance Co.*, 929 F.2d 1484 (10th Cir. 1991), to argue that *Siloam Springs* should not be given retroactive effect. The court in *Pfeiffer*

> set forth three factors to be considered in determining whether a current judicial rule should be given retroactive effect or whether the previously existing rule should govern. These three factors are: (1) whether the more recent rule or decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;" (2) whether, given the history, purpose and effect of the new rule, retroactive application of this rule will further or retard its operation; and (3) whether retroactive application of the new rule "could produce substantial inequitable results."

*Id.* at 1494 (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07 (1971)).

*Pfeiffer* does not apply here because *Siloam Springs* did not establish "a new principle of law" or depart from a previously existing rule. Rather, the court merely interpreted existing law as announced by the Supreme Court in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), and did so in a way that "join[ed] all other circuits that have considered the matter in concluding [an LLC] takes the citizenship of all its members." *Siloam Springs*, 781 F.3d at 1238.

6

Although Hakan argues we reached a contrary conclusion in *Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc.*, 415 F.3d 1158 (10th Cir. 2005), the court in *Shell* did not analyze the citizenship of an LLC for purposes of diversity jurisdiction. The court merely stated, "It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is in Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas." *Id.* at 1162. The court there merely assumed in the absence of any dispute by the parties, that the LLC was a citizen of its principal place of business and the place of its formation. As we explained in *Siloam Springs*, this assumption did not create binding precedent on the question of an LLC's citizenship. *See* 781 F.3d at 1236 ("*Shell* did not definitively state (or even remotely analyze) the question whether this is the appropriate standard to be used in determining an LLC's citizenship. An exercise of jurisdiction by this court without any analysis of whether that action is proper does not constitute binding precedent for the proposition that jurisdiction must exist when this court is again faced with a similar set of facts."). Hakan's reliance on *Shell* is therefore misplaced.

By deciding that an LLC takes on the citizenship of its members, *Siloam Springs* did not overrule any previous Tenth Circuit precedent and did not announce new law. As a result, the retroactivity analysis in *Pfeiffer* has no application here.

## IV. CONCLUSION

Having concluded there is a lack of complete diversity between the parties, we vacate the judgment and remand the case to the district court with instructions to dismiss the action for lack of subject-matter jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge