FILED
United States Court of Appeals
Tenth Circuit

July 7, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: CHANNING N. WILSON,

    Debtor.

_____

JARED WALTERS,

    Plaintiff - Appellee,

v.

CHANNING N. WILSON,
individually and as managing
director of Rainbow Trout
Enterprises,

    Defendant - Appellant.

No. 20-1315
(BAP No. 20-037-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

---

[*]     Oral argument would not materially help us to decide the appeal, so we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The threshold issue in this appeal involves appellate standing. The appellant bears the burden of presenting a theory of appellate standing. *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir. 2011). In our view, the appellant (Mr. Channing Wilson) did not present such a theory. He's defending a separate entity's ownership of assets. So the alleged injury falls on the separate entity, not Mr. Wilson.

**The debtor transfers assets to a separate entity.** Mr. Wilson faced a steep tax bill and transferred assets to an entity, Rainbow Trout Enterprises. After transferring the assets, he filed bankruptcy. The trustee brought an adversary proceeding against Rainbow Trout Enterprises to avoid the transfer and restore the underlying assets to the bankruptcy estate.

The bankruptcy court granted a default judgment to the trustee against Rainbow Trout Enterprises. Mr. Wilson appealed, and the Bankruptcy Appellate Panel dismissed his appeal based on a lack of appellate standing. Mr. Wilson filed a new appeal to us, and we dismiss this appeal.[1]

---

[1] Under our local rules, motions to dismiss should ordinarily be filed within 14 days of the notice of appeal. *See* 10th Cir. R. 27.3(A)(3)(a). Here the trustee waited 21 days before moving to dismiss. But we need not decide whether the trustee's motion was timely because we can sua sponte address prudential standing. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1301 (10th Cir. 2011).

**Standing is prudentially restricted.** We prudentially restrict standing to individuals whose financial rights or interests are directly and adversely affected by the bankruptcy court's order. *C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1260 n.5 (10th Cir. 2011). The bankruptcy court did not purport to grant any relief against Mr. Wilson. The court instead granted a default judgment against Rainbow Trout Enterprises, an entity separate from Mr. Wilson.

Mr. Wilson defends the legality of Rainbow Trout Enterprises as a pure trust organization, alleging ineffective assistance of counsel and misleading impressions in the trustee's motion for a default judgment.[2] But these issues do not affect appellate standing.

**Mr. Wilson is not directly and adversely affected by the bankruptcy court's order.** Mr. Wilson apparently has an interest in

---

[2]     In his reply brief, Mr. Wilson suggests that he is an aggrieved person because the judgment impairs his constitutional right to contract. Appellant's Reply Br. at 4. We decline to consider this argument for three reasons:

1. The argument was omitted in Mr. Wilson's opening appeal brief. *SEC v. DeYoung*, 850 F.3d 1172, 1180 n.3 (10th Cir. 2017).

2. Mr. Wilson did not adequately develop this argument. *Id.*

3. He did not present this argument to the Bankruptcy Appellate Panel and has not argued plain error. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

3

keeping the assets in Rainbow Trout Enterprises to shield them from his creditors. But in his adversary action, the trustee targeted assets owned by Rainbow Trout Enterprises, not Mr. Wilson. So the bankruptcy court's default judgment did not directly and adversely affect Mr. Wilson's financial interests. *See Preblich v. Battley (In re Preblich)*, No. 93–35855, 1995 WL 41393, at \*1 (9th Cir. Feb. 1, 1995) (unpublished) (concluding that the debtor lacked standing to contest a bankruptcy court's order that she had fraudulently transferred property to two relatives); *Prince v. Chow (In re Prince)*, 548 F. App'x 262, 263 (5th Cir. 2013) (per curiam) (unpublished) (concluding that a debtor lacked standing to appeal a bankruptcy court's finding of a fraudulent transfer to a trust because the debtor appealed individually rather than on behalf of the trust). Mr. Wilson thus lacked appellate standing as an individual.

**Mr. Wilson cannot prosecute the appeal as a representative of Rainbow Trout Enterprises.** The caption identifies Mr. Wilson not only as an individual but also as the managing director of Rainbow Trout Enterprises, which he identifies as a pure trust organization. Because Mr. Wilson is appearing pro se, we liberally construe his caption to raise the possibility of standing as a representative of the alleged trust. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Even with this liberal construction, however, Mr. Wilson would lack appellate standing as the trust's managing director.

Federal law authorizes parties to "plead and conduct *their own cases personally* or by counsel." 28 U.S.C. § 1654 (emphasis added). Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (stating that "all artificial entities" must be represented by licensed counsel).

Trusts are artificial entities that exist independently of their trustees. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016). So if the trustee is not a licensed attorney, he or she cannot represent the trust. *See United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished)[3] (concluding that a trustee, who was not a licensed attorney, could not represent the trust); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."). Even if Mr. Wilson is the trust's managing director, as implied in the caption, this position would not entitle him to prosecute the appeal on behalf of the trust itself.

---

[3]     *Lain* is persuasive, but not precedential. *See* note *.

5

Because Mr. Wilson lacks the authority to practice law, he cannot represent the interests of a separate entity like the trust itself.

* * *

In light of the absence of appellate standing, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge